UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ROBERT L. LOOS,

    Plaintiff,

-vs-                                            Case No: 02-3667

KEYSTONE SHIPPING COMPANY,

    Defendant.
_____/

## PLAINTIFF'S MOTION FOR RETROACTIVE AND FUTURE INCREASE OF MAINTENANCE RATE AND EXPEDITED TELEPHONIC HEARING

    NOW COMES Plaintiff, ROBERT L. LOOS, seeking the above relief for the following reasons:

1.     This is a general maritime law action for maintenance..

2.     Following an injury and/or illness sustained in the service of the ship which made Plaintiff unfit for duty between December 20, 1999 and November 11, 2000, and since January 24, 2002, Defendant has made inadequate maintenance and cure payments to Plaintiff of $8.00 a day.

3.     Maintenance is the cost of a crewmember's living expenses while recuperating.

4.     Plaintiff's actual living expenses equal $939.22 per month or $216.74 per week or $30.96 per day.

5.     Plaintiff requests retroactive and future payment of maintenance at an amount commensurate with his expenses, until he reaches maximum cure.

6.     Expedited hearing is requested because maintenance payments are supposed to be prompt and made without delay.

                    Respectfully Submitted,

                    O'BRYAN BAUN COHEN KUEBLER

 

                    _____

                    DENNIS M. O'BRYAN (P30545)
                    Attorneys for Plaintiff
                    401 S. Old Woodward, Ste. 320
                    Birmingham, MI 48009
                    Telephone:    (248) 258-6262
                    Facsimile:    (248) 258-6047
                    dobryan@obryanlaw.net

Dated: October 25, 2002

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ROBERT L. LOOS,

       Plaintiff,

-vs-                                                                  Case No: 02-3667

KEYSTONE SHIPPING COMPANY,

       Defendant.
_____/

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR RETROACTIVE AND FUTURE INCREASE OF MAINTENANCE RATE AND EXPEDITED TELEPHONIC HEARING

       Maintenance and cure dates back to the Middle Ages. Reed v American Steamship Co., 773 F.Supp. 991, 993 (E.D. Mich. 1991). It has been explained to be "[a]mong the most pervasive incidents of the responsibility anciently imposed upon a shipowner for the health and security of sailors . . ." Hughes v Hunter Marine Transport, Inc., 1998 AMC 6, 7 (M.D. Tenn. 1997). It is a contractual form of compensation. Britton v U.S.S. Great Lakes Fleet, Inc., 302 F3d 812, 815 (8th Cir. 2002). Seamen rely on it as an alternative to workers' compensation. Blainey v American Steamship Co., 990 F2d 885, 886 (6th Cir. 1993). Maintenance and cure is payable to the point of maximum cure; that is, when the seaman's affliction is cured or declared to be permanent. Blainey, supra at 887.

       Claims for maintenance and cure can be brought with or apart from a Jones Act claim. Reed v American Steamship Co., 682 F.Supp. 333, 336 (E.D. Mich. 1988). Serial suits can be brought until maximum cure is attained. Said v Rouge Steel Co., 209 Mich. App. 150, 530 NW2d 765 (1995).

Maintenance is the payment by a shipowner to a seaman for the seaman's food and lodging expenses incurred while he is ashore as a result of illness or accident. These expenses include food, basic telephone, basic necessities, lodging expenses, heat, light, and utilities. Clifford v Mt. Vernon Barge Service, Inc., supra; Miller v Canal Barge, 2001 AMC 528 (E.D. La. 2000).

Because maintenance and cure payments are supposed to be prompt, Clifford v Mt. Vernon Barge Service, 127 F.Supp.2d 1055, 1058 (S.D. Ind. 1999) and made without delay, Hughes v Hunter Marine Transport, Inc., supra, expedited hearings can be sought, e.g., Ray v Jantran, Inc., 2001 AMC 1081 (E.D. Ark. 2001); Felice v Ingram Barge Co., 2001 AMC 782 (E.D. Ken. 2000).

Where an employer fails to make a prompt, good faith investigation of a claim for maintenance and cure, attorney fees are payable for the securing thereof. Ray v Jantran, Inc., supra Some courts have allowed punitive damages, albeit, same are not being sought here. White v American River Transportation, 853 F.Supp. 300 (S.D. Ill. 1993); Hoeffling v U.S.S. Great Lakes Fleet, Inc., 792 F.Supp. 1029 (E.D. Mich. 1991). A request for attorney fees or punitive damages need not be separately pled. Saeed v Rouge Steel Co., 1989 AMC 2394 (E.D. Mich. 1989).

The daily rate of maintenance is subject to motion practice. See Clifford, supra; Miller, supra; Ray, supra. A seaman seeking maintenance and cure via motion "cannot be considered in the same procedural posture as a party seeking summary judgment." Sefcik v Ocean Pride Alaska, Inc., 844 F.Supp. 1372 (D. Alaska 1993). "Applying a summary judgment standard to the payment of maintenance and cure would invite litigation and cause delays . . . thus undermining the policy of simplicity in these matters." Boyden v American Seafoods Co., 2000 AMC 1512, 1514 (W.D. Wash. 2000). The Court in Hughes, supra, reasoned that albeit factual issues existed, "[g]iven that maintenance and cure have few exceptions to cause delay or invite litigation, and that all ambiguities are to be resolved in favor of the seamen", relief on the seaman's behalf was granted. Id. at 8.

A seaman's burden is relatively light since the recovery of maintenance and cure is not dependent upon fault or blame. Ray v Jantran, Inc., supra. Nor must it be shown that the employment was a direct cause of a condition. Britton v U.S.S. Great Lakes, Fleet, Inc., supra. Claims based on physical, and mental injuries are allowed. Felice v Ingram Barge Co., supra.

A seaman's affidavit as to reasonable costs of room and board in the community where he or she is living is sufficient to support an award. Clifford, supra at 1057; Miller, supra at 529. Depositions are not prerequisite. Halcomb v Kimberly Clark Tissue Company, 2000 AMC 2578 (S.D. Ala. 2000).

Once the crew member has made a prima facie case for his maintenance rate, the burden then shifts to the defendant to produce some evidence in rebuttal. Clifford, supra at 1057; Ray v Jantran, Inc., supra. . Indeed, Miller v Canal Barge, 2001 AMC 528, 529 n.2 (E.D. La. 2000), recognized the possibility that a crew member can recover more than his or her actual expenses under a maintenance claim because he or she might not have sufficient funds to obtain the kind of maintenance the law provides.

Here, Plaintiff's request for maintenance includes two components: (1) food and (2) lodging, including utilities, per the attached Affidavit demonstrating expenses of 30.96 per day, as opposed to the $8.00 a day Defendant pays. .

WHEREFORE, Plaintiff prays that this Honorable Court issue Orders:

1. Granting Plaintiff's Motion for Retroactive and Future Increase of Maintenance Rate, ordering Defendant to retroactively increase Plaintiff's maintenance to $30.96 per day, with credit given for maintenance payments previously made.

2. Granting Plaintiff's request for an expedited telephonic hearing on Plaintiff's motion.

Respectfully Submitted,

O'BRYAN BAUN COHEN KUEBLER

_____
DENNIS M. O'BRYAN (P30545)
Attorneys for Plaintiff
401 S. Old Woodward, Ste. 320
Birmingham, MI 48009
Telephone:   (248) 258-6262
Facsimile:    (248) 258-6047
dobryan@obryanlaw.net

Dated:   October 23, 2002

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the ____ day of October, 2002 a copy of the foregoing was served on attorney for Defendant via first class mail, with postage fully prepaid thereon:

Paul A. Kettunen, Esq.
399 Market Street, Second Floor
Philadelphia, PA 19106

_____
Michele D. Wood