**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT L. LOOS, | : | CIVIL ACTION |
| | : | NO. 02-CV-3667 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| KEYSTONE SHIPPING COMPANY | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT KEYSTONE SHIPPING COMPANY'S**
**RESPONSE TO PLAINTIFF'S MOTION FOR RETROACTIVE FUTURE**
**INCREASE OF MAINTENANCE RATE AND COUNTER-MOTION FOR**
**DISMISSAL PURSUANT TO FED. R. CIV. P. 12(c) AND/OR TRANSFER**
**PURSUANT TO 28 U.S.C. 1404(a)**

NOW COMES Defendant, Keystone Shipping Company, and for its Response to

Plaintiff's Motion for Retroactive and Future Increase of Maintenance Rate and its

Counter-Motion For Dismissal Pursuant to Fed. R. Civ. P. 12(c) and/or Transfer Pursuant

to 28 U.S.C. 1404(a), states as follows:

**Response to Plaintiff's Motion**

1. Admitted.

2. Denied. Defendant at all times made proper maintenance payments to

Plaintiff in accordance with the Collective Bargaining agreement entered into between

Plaintiff's union, District No. I-PCD, MEBA (AFL-CIO), and Defendant (Exhibit "A"

and "B")[1].

3. Denied as an inaccurate description/definition of maintenance.

---

[1] All exhibits referenced herein are attached to Defendant's Brief filed concurrent
herewith.

4.     Denied as Defendant has insufficient information to respond to the assertions stated in this paragraph.

5.     Denied that Plaintiff is entitled to any retroactive payment of maintenance since he has been paid all maintenance due to him (see response to paragraph 2). Plaintiff accepted these payments for 8 and ½ months from late December 1999 through September 18, 2000 and from April 14, 2002 through the date he filed his Complaint without comment or complaint (Ex. "A"). Denied that Plaintiff is entitled to any future maintenance and cure, other than the daily amount agreed to under the applicable Collective Bargaining Agreement, to the date of maximum cure. Defendant is paying, and will continue to pay, this amount until Plaintiff is fit for duty, which his doctor projects to be on November 16, 2002 (Exhibit "A" and "C").

6.     Denied. Plaintiff is not entitled to an expedited hearing for the relief requested since all payments due have been made promptly and without delay, and any future payments due will likewise be made promptly and without delay, until Plaintiff is again fit for duty.

### Defendant's Counter-Motion to Dismiss and/or Transfer

Defendant Keystone Shipping Company respectfully requests this Court for an Order dismissing this action or transferring this action to the United States District Court for the Southern District of Texas (Houston Division), and in support thereof states as follows:

1.     Defendant Keystone Shipping Co. ("Keystone") is a Delaware Corporation with its main offices located in Bala Cynwyd, Pennsylvania (Ex. "A").

2.     Keystone Barge Services, Inc. is a Delaware Corporation wholly owned

-2-

by Keystone Shipping Co. (*id.*).

3.      At all times relevant, Keystone Barge Services, Inc. and Keystone Shipping Co. operated four integrated tug-barge units, including the ATLANTA BAY/VIRGINIA BAY.  The ATLANTA BAY/VIRGINIA BAY trades between Texas City, Texas and Cooper River, South Carolina, with occasional calls at Beaumont, Texas. Keystone Barge Services, Inc. chartered the tug-barge units and Keystone Shipping Co. was responsible for crewing the tug-barge units.  Keystone Barge Services, Inc. chartered the tug-barge units and Keystone Shipping Company was responsible for crewing the tug-barge units (*id.*).

4.      Keystone is and was at all relevant times qualified to do business in Texas, and maintains an office and employees in Beaumont, Texas (*id.*).

5.      Plaintiff was at all times relevant and continues to be a resident of Jackson, Missouri.

6.      Plaintiff was at all times relevant employed by Defendant Keystone Shipping Co. as an Assistant Barge Engineer aboard the ATLANTA BAY/VIRGINIA BAY unit.

7.      Plaintiff was at all times relevant a member of the District No. 1, PCD, MEBA (AFL-CIO) ("MEBA").

8.      At all times relevant, Keystone and all engineers employed by Keystone on the ATLANTA BAY/VIRGINIA BAY, including the Plaintiff, were subject to the terms of the Agreement of June 1, 1999, between MEBA and Keystone, which, *inter alia*, provided that any maintenance due to seamen was to be paid at the rate of $8.00 per day (Ex. "B," section 7, p.11).

9.    Plaintiff's first complained of injury occurred aboard the ATLANTA BAY in December of 1999 off of Florida. All union contract maintenance payments of $8.00 per day due were paid from December 29, 1999 through September 18, 2000. As well, all medical costs (or "cure") was paid. Until the date this Complaint was filed, Plaintiff never protested or otherwise questioned the amount of maintenance paid (Ex. "A").

10.    Plaintiff's second complained of injury occurred aboard the ATLANTA BAY in January 2002 off of Texas City, Texas. Plaintiff did not make any complaint until April 2000. All union contract maintenance payments due of $8.00 per day were paid from April 14, 2002 to the present. As well, all cure has been and continues to be paid (*id.*). Plaintiff's treating physician has stated he expects Plaintiff to be fit for duty on November 16, 2002 (Ex. "C"). Until the date this Complaint was filed, Plaintiff never protested or otherwise questioned the amount of maintenance paid (Ex. "A").

11.    The maintenance rate of $8.00 per day which was duly bargained for between the Keystone and Plaintiff's union is fully respected and enforced by the Courts in every jurisdiction through which Plaintiff sailed during his employment with Keystone aboard the ATLANTA BAY.

12.    Plaintiff has chosen to sue in Pennsylvania solely because in 1990 the Third Circuit in Barnes v. Andover Co. L.P., 900 F.2d 630 (3rd Cir. 1990) held in accordance with the minority view that maintenance rates established through collective bargaining are not necessarily controlling.

13.    The action should be dismissed pursuant to the doctrines of accord and satisfaction, and/or waiver, and/or laches, since it is undisputed that Defendant paid all

-4-

maintenance due to Plaintiff under the collective bargaining agreement in force, and Plaintiff accepted all payments commencing nearly three years ago without any protest or questions.

14.     The action should be dismissed since under a proper conflict of law analysis, the law of the 5th, 11th or 4th Circuits which enforces contract maintenance rates bargained for between a seaman's union and his or her employer should be found to apply to this action.

15.     Alternatively, the action should be transferred since other than Defendant's having offices in this District, there are no other contacts which make this District a proper one for litigating Plaintiff's claims: The most logical, practical and convenient forum for this suit is within the Southern District of Texas, since this is where Plaintiff's alleged January 23, 2002 injury took place, where both the tug-barge runs on which Plaintiff allegedly sustained his injuries commenced, and where Keystone also maintains an office and employees.

16.     Plaintiff has waited nearly three years to decide that his maintenance payments, which were agreed upon between his employer and his union and fully enforceable in the jurisdictions where Plaintiff worked and sailed, are not adequate.  He accepted payment of his contracted for maintenance checks since December of 1999 with no protest.  He has chosen to file suit in Pennsylvania, whose only connection with this litigation is that Keystone has its main offices here, for the sole reason that Pennsylvania follows the minority view that a seaman is not necessarily bound to maintenance rates that have been established through collective bargaining between his union and his employer.  Forum shopping of this nature should not be countenanced by the Court.

-5-

WHEREFORE, Defendant Keystone Shipping Company prays this Honorable Court dismiss Plaintiff's Motion for Retroactive Future Increase of Maintenance Rate, and grant Defendant's Counter-Motion to Dismiss Pursuant to Fed. R. Civ. P 12(c) or Transfer this action to the United States District Court for the Southern District of Texas (Houston Division) pursuant to 28 U.S.C. 1404(a).

Respectfully submitted,

MATTIONI, LTD.


Dated:  November 18, 2002     BY:_____

FAUSTINO MATTIONI, ESQUIRE
PAUL A. KETTUNEN, ESQUIRE
399 Market Street, Second Floor
Philadelphia, PA 19106
(215) 629-1600
Attorneys for Defendant
Keystone Shipping Company