UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ROBERT L. LOOS,

    Plaintiff,

-vs-                                                    Case No: 02-3667

KEYSTONE SHIPPING COMPANY,

    Defendant.
_____/

**PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RETROACTIVE AND FUTURE INCREASE OF MAINTENANCE RATE, AND IN OPPOSITION TO COUNTER MOTION FOR DISMISSAL AND/OR TRANSFER**

At the outset, it should be noted that Defendant has not challenged Plaintiff's proposed rate of maintenance (sans a collective bargaining agreement). Once a Plaintiff makes out a prima facie case on the maintenance rate the burden shifts to the Defendant to prove some evidence in rebuttal. Clifford v Mt. Vernon Barge Service, Inc., 127 F.Supp.2d 1055, 1057 (S.D. Ind. 1999). Where Defendant "points to no evidence" in rebuttal, the proposed maintenance rate controls. Miller v Canal Barge Co., 2001 AMC 528 (E.D. La. 2000). Note, also, that Defendant has not filed a Rule 56(b) affidavit to obtain discovery. Therefore, the only issue remaining is whether this matter should be dismissed or transferred.

A.    Forum Shopping

The accusation of forum-shopping is unfair. The underlying cause is governed by federal maritime law wherever it may be filed. As the Court has recognized in Pain v United Technologies

Corp., 637 F2d 775, 794 n.105 (D.C. Cir. 1980), "the search for the forum with the most advantageous governing law lies at the very heart of the notion of forum-shopping".

To the extent that many considerations enter into choosing an appropriate forum for a given cause, it is not improper for a plaintiff to make realistic assessments about the relative merits of one venue over another. The Firth Circuit has recognized as much:

> "Forum shopping is sanctioned by our judicial system. It is an American as the Constitution . . . . Virtually all causes of action created by federal law may be asserted in either a state or a federal court . . .. Not only may a litigant frequently select among several jurisdiction, he may, within a jurisdiction, lay venue in more than one court. . . . The motive of suitor in making this choice is ordinarily of no moment . . . .

McCuin v Texas Power & Light Co., 714 F2d 1255, 1261 (5th Cir. 1983).

Nevertheless, Defendant's misconduct emanated from this district.

While Defendant would be subject to jurisdiction in the district of Plaintiff's residence (Sanders v Seal Fleet, Inc., 1998 W.L. 136097 *4 (E.D. Tex. 1998)(place of seaman's medical treatment - cure - gives rise to jurisdiction)), Defendant does not seek transfer there because the Eighth Circuit has not ruled on the enforceability of a rate of maintenance contained in a collective bargaining agreement.

Beaumont, Texas - where Defendant claims to be subject to jurisdiction - is outside the proposed transferee forum of the United States District Court for the Souther District of Texas (Houston Division). Everybody knows that the erroneously proposed transferee court is the most conservative in Texas. Defendant is transferee forum shopping.

B.    Conflict Of Laws Is Inapplicable

Defendant cites cases interpreting Pennsylvania's conflicts of law rule for torts.

Pennsylvania's conflict of law rules for torts are inapplicable because: (1) this matter is based on federal law and Pennsylvania's laws do not control (Garrett v Moore-McCormack Co., 317 U.S. 239 (1942)), and (2) this case is governed by contract, not tort principles. Loverich v Warner Co., 118 F2d 690 (3rd Cir.), cert. denied 313 U.S. 577 (1941); Reed v American Steamship Co., 682 F.Supp. 333 (E.D. Mich. 1988).

C.   Plaintiff Is Not Guilty Of Laches

The analogous State statute to be juxtaposed in application of the laches defense is for contract and is six years. Loverich v Warner Co., supra; see also Reed v American Steamship Co., supra. Plaintiff is not guilty of laches.

D.   There Is No Accord And Satisfaction

Plaintiff is to be treated as a ward of the Court, before any release could be found to be valid the burden would be on the Defendant to make sure that Plaintiff clearly entered into it with a full understanding of his medical condition and legal rights. Garrett v Moore-McCormack Co., supra. In construing seamens releases vis-a-vis maintenance and cure, any ambiguities or doubts are to be resolved in favor of the seaman. Miles v American Seafoods Co., 197 F3d 1032, 1034 (9th Cir. 1999). Pennsylvania law is irrelevant in adjudicating seamens maintenance and cure releases. Jones v Waterman S.S. Corp., 155 F2d 992, 996 (3rd Cir. 1946). Plaintiff entered into no release, or accord and satisfaction with Defendant, and Defendant's novel unprecedented argument with regard thereto is not convincing.

E.   No Inconvenience Warranting Transfer

Defendant's inadequate maintenance payments emanated from its home office in this District (Exhibit A). The person who signed the letters enclosing the checks, Janet M. Pagan, is here.

Most suits in which Defendant is a party are brought here. See, Keystone Shipping v New England Energy, Inc., 489 U.S. 1077 (1989); McManus v Keystone Shipping, 745 F2d 47 (3rd Cir. 1984); Barclay v Keystone Shipping, 128 F.Supp.2d 237 (E.D. Pa. 2001); Marquis v Keystone Shipping, 183 F.Supp. 79 (E. D. Pa. 1960); Keystone Shipping v Home Ins. Co., 1986 W.L. 237 (E.D. Pa. 1986); Lowen v Keystone Shipping, 1989 W.L. 95155 (E.D. Pa. 1989); Baker v Keystone Shipping, 1991 W.L. 275787 (E.D. Pa. 1991); Baker v Keystone Shipping, 1991 W.L. 149781 (E.D. Pa. 1991)

As in Carl Lints, et al v American Steamship Co., et al, Civil Action No. 00-183 Erie, (W.D. Pa.) Memorandum Opinion of June 15, 2001, "[t]he narrow issue presented . . . is whether [plaintiff] is entitled to maintenance payments in amounts greater than the amounts provided in his contract." Memorandum Opinion of June 15, 2001, p.4 (copy attached).  There, the court denied transfer, reasoning that "[m]any of the facts relevant to this issue could, in all likelihood, be established through submission of the documents themselves. Similarly, the location of the incidents giving rise to [plaintiff's] claims is not germane to convenience as it might be in other cases because [defendant's] liability to [plaintiff] is not in question." Id. at 4-5.  The Lints court found that other relevant factors were neutral in the case and that given the fact that the plaintiff's choice of forum is given some weight, that transfer was not warranted. Here, unlike Lints, there need not be any further submission of documents because Defendant has not opposed Plaintiff's quantification of the daily rate of maintenance he is owed; the case for denying transfer is stronger here than in Lints.

A collective bargaining agreement grievance procedure cannot preclude a general maritime law remedy (Merchant v American S.S. Co., 860 F2d 204 (6th Cir. 1988)), yet reference to the collective bargaining agreement (Defendant's Exhibit B) is here appropriate regarding the transfer

4

and choice of law issues. First, Defendant cannot be heard to complain of any inconvenience in not adjudicating this matter in a southern tribunal, when its collective bargaining agreement which portends to be the vehicle for adjudicating any disputes with regard to the maintenance and cure rate contains a forum selection clause requiring that arbitration be held in New York City or Washington, D.C.  See Part II, Sec. 2 a and h (all disputes relating to interpretation of agreement, be adjudicated in New York City or Washington, D.C), and part III Sec. 7 ($8.00 per day maintenance rate). Secondly, in New York, the collective bargaining agreement rate of maintenance does not control. <u>Brown v United States</u>, 882 F.Supp. 1424 (S.D. N.Y. 1995); <u>Gillikin v United States</u>, 764 F.Supp. 261 (S.D. N.Y. 1991); <u>Durfor v K-Sea Transportation Corp.</u>, 2001 W.L. 856612 (S.D. N.Y. 2001); <u>Bacher v Trans Oceanic Cable Ship Co.</u>, 1998 W.L. 831035 (S.D. N.Y. 1998); <u>Covella v Buchanan Marine, Inc.</u>, 1996 W.L. 164482 (S.D. N.Y. 1996).  Thus, even under Defendant's most desired vehicle for adjudicating this dispute - collective bargaining agreement arbitration, the result would be no different; neither would the case be adjudicated in the south nor would the collective bargaining agreement rate of maintenance control.  In fact, this district is more convenient to Defendant than New York or Washington, D.C.  There is no prejudice to Defendant in litigating this issue here, which will for all intents and purposes end the claim unless there is a dispute over the date of maximum medical improvement.

        Respectfully Submitted,

        O'BRYAN BAUN COHEN KUEBLER

_____

DENNIS M. O'BRYAN (P30545)
Attorneys for Plaintiff
401 S. Old Woodward, Ste. 320
Birmingham, MI 48009
Telephone:     (248) 258-6262
Facsimile:     (248) 258-6047
dobryan@obryanlaw.net

Dated:   November 22, 2002

## CERTIFICATE OF SERVICE

      The undersigned does hereby certify that on the \_\_\_\_ day of November, 2002 a copy of the foregoing was served on attorney for Defendant via first class mail, with postage fully prepaid thereon:

Paul A. Kettunen, Esq.
399 Market Street, Second Floor
Philadelphia, PA 19106

_____
Michele D. Wood

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ROBERT L. LOOS,

    Plaintiff,

-vs-                                    Case No: 02-3667

KEYSTONE SHIPPING COMPANY,

    Defendant.
_____/

## ORDER

AND NOW, this _____ day of _____ 2002, upon consideration of Plaintiff's Motion for Retroactive Future Increase of Maintenance Rate and Defendant's Counter Motion to dismiss Pursuant to Fed. R. Civ. 12(c) and/or to Transfer Pursuant to 28 U.S.C. 1404(a), and Defendant's Response thereto, and the Court being fully advised in the premises;

    IT IS HEREBY ORDERED that Defendant's Motion is denied.

    IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss is granted and the daily rate of maintenance is $30.96 which is to be retroactively paid till maximum medical improvement is attained, with Defendant to receive credit for maintenance previously paid.

                                                  _____

                                                  DISTRICT COURT JUDGE