IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| ROBERT L. LOOS, : | CIVIL ACTION |
| : | NO. 02-CV-3667 |
| Plaintiff, : |  |
| : |  |
| v. : |  |
| : |  |
| KEYSTONE SHIPPING COMPANY : |  |
| : |  |
| Defendant. : |  |

**DEFENDANT KEYSTONE SHIPPING COMPANY'S SUR REPLY TO PLAINTIFF'S MOTION FOR RETROACTIVE AND FUTURE INCREASE OF MAINTENANCE AND REPLY TO PLAINTIFF'S RESPONSE TO COUNTER MOTION FOR DISMISSAL AND/OR TRANSFER**

The following addresses the chief weaknesses in Plaintiff's brief.

First, Plaintiff's assertion that Defendant has "not challenged the proposed rate of maintenance" is untrue. This is the core issue before the Court. Defendant disputes Plaintiff's claim to entitlement of increased maintenance over and above that already paid and is requesting dismissal of his claim because of its legal inadequacy. The factual basis of Defendant's position is supported by the Exhibits, including the Affidavit of Phillip W. Fisher, Executive Vice President of Keystone Shipping Co. If this issue is decided against Plaintiff, then the matter is over and it will be dismissed or transferred. If this issue is decided in favor of Plaintiff, then discovery must be conducted to establish the accuracy of Plaintiff's claim. Based upon the evidenced generated through this discovery, the first issue which the Court would then have to address is whether Plaintiff is entitled to any maintenance at all for the second incident which he claims occurred on January 23, 2002, since it is unwitnessed and no contemporaneous claim was made by Plaintiff.

Once this issue is determined, the Court would then have to engage in a three-step process:

1.   The seaman's actual expenses must be established.

2.   The reasonable cost of food and lodging for a seaman in the locality of the Plaintiff, Missouri, must be established.

3.   These two amounts must be compared and if actual expenses exceed reasonable expenses, the Court should award actual expenses.

See, *e.g.*: Hall v. Noble Drilling (US), 242 F.3d 582 (5th Cir. 2001).

In order to engage in this analysis, thorough discovery must be conducted (both with regard to establishing Plaintiff's actual expenses and what reasonable expenses in Missouri would be). In this regard, Plaintiff's assertion that Defendant should have filed a "Rule 56(b) Affidavit to obtain discovery" is confusing at best. To the extent that Plaintiff is asserting that Defendant should have filed an Affidavit countering Plaintiff's Affidavit as to his living expenses, this obviously cannot be done in any legitimate manner. The only way to discern what Plaintiff's living expenses are is to conduct formal discovery, including the deposition of the Plaintiff and production of documents regarding claimed expenses.

Second, Plaintiff's assertion that Defendant would be subject to jurisdiction in the district of Plaintiff's residence (Missouri) since "place of seaman's medical treatment - cure -gives rise to jurisdiction" is unfounded. The Plaintiff cites the case of Sanders v. Co Fleet, Inc., 998 F. Supp. 729 (E.D. Tx., Beaumont Div. 1998). However, the court pointed out that defendant "does not deny that the Defendants engaged in business in the Eastern District of Texas [n]or does it deny that the Defendants had sufficient contacts to establish personal jurisdiction in this district." *Id*. at 736. The Court further relied on copies of the deck log excerpts on the day Plaintiff was injured showing that he was flown from off shore to a hospital in Texas which "tends to indicate that

[defendant] was doing business within the Eastern District of Texas when the events giving rise to this cause of action occurred and that some of the events giving rise to this cause of action occurred within the District." *Id*., at n.3.

Third, Plaintiff incorrectly asserts that Defendant claims to be "subject to jurisdiction" of Beaumont, Texas, which is outside the proposed Transferee District, the Southern District of Texas. Defendant has only stated that it maintains an office in Beaumont, demonstrating additional evidence of its doing business Texas. However, its business activities regarding the tug-barge runs at issue in this case are centered in Texas City, Texas, where the runs commence, which is located in the Southern District of Texas.[1]

Fourth, while there is some discord in the Circuits regarding the applicable guidepost to be used for a maintenance and cure laches analysis, the clear majority rule is that the three year period under 46 U.S.C. § 763(a) is applicable, not the state contractual period as Plaintiff asserts. See, *e.g*.: McKinney v. Waterman Steamship Corporation, 739 F. Supp. 678, 1990 A.M.C. 2839 (D. Ma. 1990), aff'd 925 F.2d 1, 1991 A.M.C. 1742 (1st Cir. 1991); Cooper v. Diamond M Co., 799 F.2d 176, 1987 A.M.C. 525 (5th Cir. 1986), cert. den., 481 U.S. 1048, 95 L.Ed. 2d 834, 107 S.Ct. 2177, 1987 A.M.C. 2406 (1987); Chacon-Gordon v. M/V EUGENIO "C", 1987 A.M.C. 1886 (S.D. Fl. 1987); Dolling v. Amanda Hess Corp., 83 F.Supp. 2d 843 (S.D. Tx, Galveston Div., 2000); Barber v. Atlantic Pacific Marine Corp., 1987 U.S. Dist LEXIS 9616 (E.D. La. 1987); Abbott v. State of Alaska, 979 P.2d 994, 1999 A.M.C. 2212 (Supreme Ct. Alaska).

---

[1] Defendant respectfully brings to the Court's attention that a recent check of the local maps reveals that Texas City is located within Galveston County. Thus, depending on the congestion of the Court dockets for Houston or other divisions in the Southern District, the proper transferee division within the Southern District may be Galveston.

In sum, it is respectfully submitted that this case should be dismissed since Plaintiff's maintenance rate is clearly set forth in the collective bargaining agreement and has been paid in full, and since Plaintiff has waited nearly three years to suddenly assert that he should be paid something more. Alternatively, if this case is not dismissed the facts strongly point to transfer to the Southern District of Texas. Finally, if the case is not dismissed or transferred, Keystone Shipping Co. is entitled to conduct discovery within the time frame already established by the Court on all issues including entitlement to any maintenance at all for the alleged January 23, 2002 incident, accuracy of the other time periods for which Plaintiff claims he was unfit for duty, Plaintiff's alleged living expenses during the times that he was legitimately unfit for duty, and the average living expenses in Plaintiff's home region in Missouri during the same periods.

        Respectfully submitted,

        MATTIONI, LTD.

Dated: November 27, 2002    BY:_____
        FAUSTINO MATTIONI, ESQUIRE
        PAUL A. KETTUNEN, ESQUIRE
        399 Market Street, Second Floor
        Philadelphia, PA 19106
        (215) 629-1600
        Attorneys for Defendant
        Keystone Shipping Company