IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ROBERT L. LOOS, | : | CIVIL ACTION |
|  | : | NO. 02-CV-3667 |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| KEYSTONE SHIPPING COMPANY | : |  |
|  | : |  |
| Defendant. | : |  |

**DEFENDANT KEYSTONE SHIPPING COMPANY S INITIAL DISCLOSURE**

NOW COMES Defendant Keystone Shipping Company (hereinafter "Keystone") by its undersigned attorneys, hereby makes its initial disclosure pursuant to Federal Rule of Civil Procedure 26 (a) (1).

**A. THE NAME AND, IF KNOWN, THE ADDRESS AND TELEPHONE NUMBER OF EACH INDIVIDUAL LIKELY TO HAVE DISCOVERABLE INFORMATION THAT THE DISCLOSING PARTY MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS SOLELY FOR IMPEACHMENT, IDENTIFYING THE SUBJECTS OF THE INFORMATION.**

1. Plaintiff;

2. Plaintiff's treating physicians and medical personnel;

3. Jay C. Heichelheim, Master, Atlanta Bay; at time of purported January 23, 2002 injury;

4. Jerard Putney, Asst. Engineer, ATLANTA BAY, at time of purported January 23, 2002 injury;

5. Roy C. Lewis, Jr., seaman aboard the ATLANTA BAY, at time of purported January 23, 2002 injury;

6. Other crew members aboard the ATLANTA BAY, at time of purported January 23, 2002 injury, as reflected on Crew List, attached.

7. Captain's Decicco, Master of ATLANTA BAY, at time of purported December 20, 1999 re-occurrence of heart problem;

8. Mr. Carraway, Chief Mate of ATLANTA BAY, at time of purported December 20, 1999 re-occurrence of heart problem;

9. Mr. Smith, Second Mate of ATLATA BAY, at time of purported December 20, 1999 re-occurrence of heart problem;

10. Mr. Dodge, Chief Engineer on ATLANTA BAY, at time of purported December 20, 1999 re-occurrence of heart problem;

11. Mr. Putney, Asst. Engineers on ATLANTA BAY, at time of purported December 20, 1999 re-occurrence of heart problem;

12. O.S. Llyold David, serving on ATLANTA BAY at time of purported December 20, 1999 re-occurrence of heart problem;

13. O.S. Saleem, serving on ATLANTA BAY at time of purported December 20, 1999 re-occurrence of heart problem;

14. Tug A.B. Cass, serving on ATLANTA BAY at time of purported December 20, 1999 re-occurrence of heart problem;

  **B. A COPY OF, OR A DESCRIPTION BY CATEGORY AND LOCATION OF, ALL DOCUMENTS, DATA COMPILATIONS, AND TANGIBLE THINGS THAT ARE IN THE POSSESSION, CUSTODY, OR CONTROL OF THE PARTY AND THAT THE DISCLOSING PARTY MAY USE TO SUPPORT ITS CLAIMS OR DEFENSES, UNLESS SOLELY FOR IMPEACHMENT**

  1. Report of Illness dated 2/17/99 and 12/20/99 feeling ill/left arm/chest pains, in connection with Plaintiff's claim for maintenance and cure arising from 12/20/99 through November 11, 2000 (copy attached).

  2. Crew list for December 18, 1999 through December 31, 1999, copy attached.

  3. Crew list for January 23/24, 2002, purported injury aboard the ATLANTA BAY, copy attached;

  4. Collective Bargaining Agreement between Keystone and District No. I - PCD, MEBA (AFL-CIO), copy in Plaintiff's possession.

  5. Maintenance and cure payment documents for both claims, in Defendant's possession.

  6. 4/11/02 Statement of Asst. Engineer Jerard Putney, copy attached;

  7. 4/11/02 Statement of Master Jay C. Heichelheim, copy attached;

  8. Correspondence between Plaintiff and/or his attorney and Keystone, copies which are in possession of both parties;

  **C. A COMPUTATION OF ANY CATEGORY OF DAMAGES CLAIMED BY THE DISCLOSING PARTY, MAKING AVAILABLE FOR INSPECTION AND COPYING AS UNDER RULE 34 THE DOCUMENTS OR OTHER EVIDENTIARY MATERIAL, NOT PRIVILEGED OR PROTECTED FROM DISCLOSURE, ON WHICH SUCH COMPUTATION IS BASED, INCLUDING MATERIALS BEARING ON THE NATURE AND EXTENT OF INJURIES SUFFERED**

  1. N/A

**D.  FOR INSPECTION AND COPYING AS UNDER RULE 34 ANY INSURANCE AGREEMENT UNDER WHICH ANY PERSON CARRYING ON AN INSURANCE BUSINESS MAY BE LIABLE TO SATISFY PART OR ALL OF A JUDGMENT, WHICH MAY BE ENTERED IN THE ACTION OR TO INDEMNIFY OR REIMBURSE PAYMENTS MADE TO SATISFY THE JUDGMENT**

Keystone Shipping Company holds adequate P & I coverage in an amount sufficient to cover any potential damages which may be awarded against it.

The foregoing statement is made upon knowledge, information and belief of the undersigned, formed after reasonable inquiry into the facts and circumstances of the referenced action.  In providing these disclosures, disclosing party and signing counsel do not waive or relinquish the right to assert the attorney/client privilege or work product doctrine with regard to any document or other evidence in other form that may be requested in the discovery of this matter.  Further, the disclosure should not be interpreted as a waiver of any rights or privileges to which defendant or signing counsel are entitled under rule or law, all of which are hereby specifically reserved.

                    Respectfully submitted,

                    MATTIONI, LTD.

Dated:  March 18, 2003        BY:_____
                                            FAUSTINO MATTIONI, ESQUIRE
                                            PAUL A. KETTUNEN, ESQUIRE
                                            399 Market Street, Second Floor
                                            Philadelphia, PA 19106
                                            (215) 629-1600
                                            Attorneys for Defendant Keystone Shipping Company